# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | |
|---|---|
| The Bank of New York Mellon, successor to The Bank of New York, not in its individual capacity but solely as Trustee on behalf of the holders of the CIT Mortgage Loan Trust, 2007-1 Asset-Backed Certificates, Series 2007-1 | CIVIL ACTION NO: |
| Plaintiff | COMPLAINT |
| vs. | |
| Guy Johnson, III | RE: 28 Hendrickson Lane, Friendship, ME 04547 |
| Defendant | |
| NCO Portfolio Management Maine Department of Health and Human Services | Mortgage: December 14, 2006 Book 3727, Page 226 |
| Party-In-Interest | |

NOW COMES the Plaintiff, The Bank of New York Mellon, successor to The Bank of New York, not in its individual capacity but solely as Trustee on behalf of the holders of the CIT Mortgage Loan Trust, 2007-1 Asset-Backed Certificates, Series 2007-1, by and through its attorneys, Doonan, Graves & Longoria, LLC, and hereby complains against the Defendant, Guy Johnson, III, as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this action pursuant 28 U.S.C. § 1332(a)(1) (Diversity) because the Plaintiff and Defendant are citizens of different states and the matter in controversy exceeds the sum or value of seventy-five thousand and 00/100 ($75,000.00) dollars, exclusive of interest and costs. Any Court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested

party seeking such declaration, whether or not further relief is or could be sought under 28 U.S.C. § 2201.

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because the object of this litigation is a Note executed under seal currently owned and held by The Bank of New York Mellon, successor to The Bank of New York, not in its individual capacity but solely as Trustee on behalf of the holders of the CIT Mortgage Loan Trust, 2007-1 Asset-Backed Certificates, Series 2007-1, in which the Defendant, Guy Johnson, III, is the obligor and the total amount owed under the terms of the Note is One Hundred Sixty-One Thousand Two Hundred Ninety-Three and 98/100 ($161,293.98) Dollars, plus attorney fees and costs associated with the instant action; thus, the amount in controversy exceeds the jurisdictional threshold of seventy-five thousand ($75,000.00) dollars.

3. Venue is properly exercised pursuant to 28 U.S.C. §1391(b)(2) insofar as all or a substantial portion of the events that give rise to the Plaintiff's claims transpired in Maine and the property is located in Maine.

## PARTIES

4. The Bank of New York Mellon, successor to The Bank of New York, not in its individual capacity but solely as Trustee on behalf of the holders of the CIT Mortgage Loan Trust, 2007-1 Asset-Backed Certificates, Series 2007-1 is a corporation with its principal place of business located at 240 Greenwich St., New York, NY 10286.

5. The Defendant, Guy Johnson, III, is a resident of Friendship, County of Knox and State of Maine.

6. The Party-in-Interest, Maine Department of Health and Human Services Division of Support Enforcement and Recovery, is located at 11 State House Station, 19 Union Street, Augusta, ME 04333.

7. The Party-in-Interest, NCO Portfolio Management, Inc., is located at c/o NCO Funding, Inc. 1201 Market Street, Suite 800, Wilmington, DE 19801.

FACTS

8. On December 14, 2006, by virtue of a Warranty Deed from Peter J. Laiho and Elizabeth L. Crabtree f/k/a Elizabeth L. Laiho, which is recorded in the Knox County Registry of Deeds in **Book 3727, Page 224**, the property situated at 28 Hendrickson Lane, County of Knox, and State of Maine, was conveyed to Guy E. Johnson, III and Katrina Bennington, being more particularly described by the attached legal description. *See* Exhibit A (a true and correct copy of the legal description is attached hereto and incorporated herein).

9. On December 14, 2006, Defendant, Guy Johnson, III and Katrina Bennington, executed and delivered to Accredited Home Lenders, Inc. a certain Note under seal in the amount of $141,100.00. *See* Exhibit B (a true and correct copy of the Note is attached hereto and incorporated herein).

10. To secure said Note, on December 14, 2006, Defendant, Guy Johnson, III and Katrina Bennington executed a Mortgage Deed in favor of Mortgage Electronic Registration Systems, Inc. as nominee for Accredited Home Lenders, Inc., securing the property located at 28 Hendrickson Lane, Friendship, ME 04547 which Mortgage Deed is recorded in the Knox County Registry of Deeds in **Book 3727**, **Page 226**. *See* Exhibit C (a true and correct copy of the Mortgage is attached hereto and incorporated herein).

11. On November 20, 2010, Katrina Bennington passed away.

12. The Mortgage was then assigned to The Bank of New York Mellon, as Trustee for CIT Mortgage Loan Trust 2007-1 by virtue of an Assignment of Mortgage dated November 29, 2017 and recorded in the Knox County Registry of Deeds in **Book 5238**, **Page 263**. *See*

Exhibit D (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

13. The Mortgage was further assigned to The Bank of New York Mellon, as Trustee for CIT Mortgage Loan Trust 2007-1 by virtue of a Quitclaim Assignment dated September 13, 2018 and recorded in the Knox County Registry of Deeds in **Book 5338**, **Page 244**. *See* Exhibit E (a true and correct copy of the Quitclaim Assignment is attached hereto and incorporated herein).

14. The Mortgage was then assigned to The Bank of New York Mellon, successor to The Bank of New York, not in its individual capacity but solely as Trustee on behalf of the holders of the CIT Mortgage Loan Trust, 2007-1 Asset-Backed Certificates, Series 2007-1 by virtue of an Assignment of Mortgage dated June 6, 2019 and recorded in the Knox County Registry of Deeds in **Book 5437**, **Page 74**. *See* Exhibit F (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

15. On November 1, 2019, the Defendant, Guy Johnson, III, was sent a Notice of Mortgagor's Right to Cure, as evidenced by the Certificate of Mailing (herein after referred to as the "Demand Letter"). *See* Exhibit G (a true and correct copy of the Demand Letter is attached hereto and incorporated herein).

16. The Demand Letter informed the Defendant, Guy Johnson, III, of the payment due date, the total amount necessary to cure the default, and the deadline by which the default must be cured, which was thirty-five (35) days from receipt of the Demand Letter. *See* Exhibit G.

17. The Defendant, Guy Johnson, III, failed to cure the default prior to the expiration of the Demand Letter.

18. The Plaintiff, The Bank of New York Mellon, successor to The Bank of New York, not in its individual capacity but solely as Trustee on behalf of the holders of the CIT Mortgage

Loan Trust, 2007-1 Asset-Backed Certificates, Series 2007-1, is the present holder of the Note pursuant to endorsement by the previous holder (if applicable), payment of value and physical possession of the Note in conformity with 11 M.R.S. § 3-1201, et seq., and *Simansky v. Clark*, 147 A. 205, 128 Me. 280 (1929).

19. The Plaintiff, The Bank of New York Mellon, successor to The Bank of New York, not in its individual capacity but solely as Trustee on behalf of the holders of the CIT Mortgage Loan Trust, 2007-1 Asset-Backed Certificates, Series 2007-1, is the lawful holder and owner of the Note and Mortgage.

20. The Plaintiff, The Bank of New York Mellon, successor to The Bank of New York, not in its individual capacity but solely as Trustee on behalf of the holders of the CIT Mortgage Loan Trust, 2007-1 Asset-Backed Certificates, Series 2007-1, hereby certifies that all steps mandated by law to provide notice to the mortgagor pursuant to 14 M.R.S.A. § 6111 were strictly performed.

21. NCO Portfolio Management is a Party-in-Interest pursuant to a Writ of Execution in the amount of $1,270.66 dated July 21, 2008, and recorded in the Knox County Registry of Deeds in **Book 3992**, **Page 267** and is in second position behind Plaintiff's Mortgage.

22. Maine Department of Health and Human Services is a Party-in-Interest pursuant to a Notice of Support Lien in the amount of $36,562.82 dated April 23, 2013, and recorded in the Knox County Registry of Deeds in **Book 4662**, **Page 98** and is in third position behind Plaintiff's Mortgage.

23. The total debt owed under the Note and Mortgage as of March 11, 2020 is One Hundred Sixty-One Thousand Two Hundred Ninety-Three and 98/100 ($161,293.98) Dollars, which includes:

| Description | Amount |
|---|---|
| Principal Balance | $125,404.92 |
| Interest | $23,261.76 |
| Escrow Advance | $7,507.48 |
| Recoverable Balance | $5,119.82 |
| Grand Total | $161,293.98 |

24. Upon information and belief, the Defendant, Guy Johnson, III, is presently in possession of the subject property originally secured by the Mortgage.

## COUNT I – FORECLOSURE AND SALE

25. The Plaintiff, The Bank of New York Mellon, successor to The Bank of New York, not in its individual capacity but solely as Trustee on behalf of the holders of the CIT Mortgage Loan Trust, 2007-1 Asset-Backed Certificates, Series 2007-1, repeats and re-alleges paragraphs 1 through 24 as if fully set forth herein.

26. This is an action for foreclosure and sale respecting a real estate related Mortgage and title located at 28 Hendrickson Lane, Friendship, County of Knox, and State of Maine. *See* Exhibit A.

27. The Plaintiff, The Bank of New York Mellon, successor to The Bank of New York, not in its individual capacity but solely as Trustee on behalf of the holders of the CIT Mortgage Loan Trust, 2007-1 Asset-Backed Certificates, Series 2007-1, is the holder of the Note referenced in Paragraph 9 pursuant to endorsement by the previous holder (if applicable) and physical possession of the aforesaid Note in conformity with Title 11, section 3-1201, et seq. of the Maine Revised Statutes and *Simansky v. Clark*, 147 A. 205, 128 Me. 280 (1929). As such, Plaintiff, The Bank of New York Mellon, successor to The Bank of New York, not in its individual capacity but solely as Trustee on behalf of the holders of the CIT Mortgage

Loan Trust, 2007-1 Asset-Backed Certificates, Series 2007-1, has the right to foreclosure and sale upon the subject property.

28. The Plaintiff, The Bank of New York Mellon, successor to The Bank of New York, not in its individual capacity but solely as Trustee on behalf of the holders of the CIT Mortgage Loan Trust, 2007-1 Asset-Backed Certificates, Series 2007-1, is the current owner and investor of the aforesaid Mortgage and Note.

29. The Defendant, Guy Johnson, III, is presently in default on said Mortgage and Note, having failed to make the monthly payment due July 1, 2017, and all subsequent payments, and, therefore, have breached the condition of the aforesaid Mortgage and Note.

30. The total debt owed under the Note and Mortgage as of March 11, 2020 is One Hundred Sixty-One Thousand Two Hundred Ninety-Three and 98/100 ($161,293.98) Dollars, which includes:

| Description | Amount |
| --- | --- |
| Principal Balance | $125,404.92 |
| Interest | $23,261.76 |
| Escrow Advance | $7,507.48 |
| Recoverable Balance | $5,119.82 |
| Grand Total | $161,293.98 |

31. The record established through the Knox County Registry of Deeds indicates that there is a public utility easement recorded subsequent to the Mortgage to, and prior to the commencement of these proceedings affecting the mortgaged premises at issue herein. Central Maine Power Company pursuant to an Easement dated March, 12, 2012, and recorded in the Knox County Registry of Deeds in Book 4504, Page 116.

32. By virtue of the Defendant, Guy Johnson, III's breach of condition, the Plaintiff hereby demands a foreclosure and sale on said real estate.

33. Notice in conformity with 14 M.R.S.A. §6111 was sent to the Defendant, Guy Johnson, III, on November 1, 2019, evidenced by the Certificate of Mailing. *See* Exhibit G.

34. The Defendant, Guy Johnson, III, is not in the Military as evidenced by the attached Exhibit H.

## COUNT II – BREACH OF NOTE

35. The Plaintiff, The Bank of New York Mellon, successor to The Bank of New York, not in its individual capacity but solely as Trustee on behalf of the holders of the CIT Mortgage Loan Trust, 2007-1 Asset-Backed Certificates, Series 2007-1, repeats and re-alleges paragraphs 1 through 34 as if fully set forth herein.

36. On December 14, 2006, the Defendant, Guy Johnson, III and Katrina Bennington, executed under seal and delivered to Accredited Home Lenders, Inc. a certain Note in the amount of $141,100.00. *See* Exhibit B.

37. The Defendant, Guy Johnson, III, is in default for failure to properly tender the July 1, 2017 payment and all subsequent payments. *See* Exhibit G.

38. The Plaintiff, The Bank of New York Mellon, successor to The Bank of New York, not in its individual capacity but solely as Trustee on behalf of the holders of the CIT Mortgage Loan Trust, 2007-1 Asset-Backed Certificates, Series 2007-1, is the proper holder of the Note and is entitled to enforce the terms and conditions of the Note due to its breach by the Defendant, Guy Johnson, III.

39. The Defendant, Guy Johnson, III, having failed to comply with the terms of the Note and Mortgage, is in breach of both the Note and the Mortgage.

40. The Defendant Guy Johnson, III's breach is knowing, willful, and continuing.

41. The Defendants Guy Johnson, III's breach has caused Plaintiff The Bank of New York Mellon, successor to The Bank of New York, not in its individual capacity but solely as

Trustee on behalf of the holders of the CIT Mortgage Loan Trust, 2007-1 Asset-Backed Certificates, Series 2007-1 to suffer actual damages, including, but not limited to money lent, interest, expectancy damages, as well as attorney's fees and costs.

42. The total debt owed under the Note and Mortgage as of March 11, 2020, if no payments are made, is One Hundred Sixty-One Thousand Two Hundred Ninety-Three and 98/100 ($161,293.98) Dollars, which includes:

| Description | Amount |
| --- | --- |
| Principal Balance | $125,404.92 |
| Interest | $23,261.76 |
| Escrow Advance | $7,507.48 |
| Recoverable Balance | $5,119.82 |
| Grand Total | $161,293.98 |

43. Injustice can only be avoided by awarding damages for the total amount owed under the Note including interest, plus costs and expenses, including attorney fees.

## COUNT III – BREACH OF CONTRACT, MONEY HAD AND RECEIVED

44. The Plaintiff, The Bank of New York Mellon, successor to The Bank of New York, not in its individual capacity but solely as Trustee on behalf of the holders of the CIT Mortgage Loan Trust, 2007-1 Asset-Backed Certificates, Series 2007-1, repeats and re-alleges paragraphs 1 through 43 as if fully set forth herein.

45. By executing, under seal, and delivering the Note, the Defendant, Guy Johnson, III and Katrina Bennington, entered into a written contract with Accredited Home Lenders, Inc. who agreed to loan the amount of $141,100.00 to the Defendant. *See* Exhibit B.

46. As part of this contract and transaction, the Defendant, Guy Johnson, III and Katrina Bennington, executed the Mortgage to secure the Note and the subject property. *See* Exhibit C.

47. The Plaintiff, The Bank of New York Mellon, successor to The Bank of New York, not in its individual capacity but solely as Trustee on behalf of the holders of the CIT Mortgage Loan Trust, 2007-1 Asset-Backed Certificates, Series 2007-1, is the proper holder of the Note and successor-in-interest to Accredited Home Lenders, Inc., and has performed its obligations under the Note and Mortgage.

48. The Defendant, Guy Johnson, III, breached the terms of the Note and Mortgage by failing to properly tender the July 1, 2017 payment and all subsequent payments. *See* Exhibit G.

49. The Plaintiff, The Bank of New York Mellon, successor to The Bank of New York, not in its individual capacity but solely as Trustee on behalf of the holders of the CIT Mortgage Loan Trust, 2007-1 Asset-Backed Certificates, Series 2007-1, is the proper holder of the Note, and is entitled to enforce the terms and conditions of the Note due to its breach by the Defendant, Guy Johnson, III.

50. The Defendant, Guy Johnson, III, having failed to comply with the terms of the Note and Mortgage, is in breach of contract.

51. The Defendant, Guy Johnson, III, is indebted to The Bank of New York Mellon, successor to The Bank of New York, not in its individual capacity but solely as Trustee on behalf of the holders of the CIT Mortgage Loan Trust, 2007-1 Asset-Backed Certificates, Series 2007-1 in the sum of One Hundred Sixty-One Thousand Two Hundred Ninety-Three and 98/100 ($161,293.98) Dollars, for money lent by the Plaintiff, The Bank of New York Mellon, successor to The Bank of New York, not in its individual capacity but solely as Trustee on behalf of the holders of the CIT Mortgage Loan Trust, 2007-1 Asset-Backed Certificates, Series 2007-1, to the Defendant.

52. Defendant Guy Johnson, III's breach is knowing, willful, and continuing.

53. Defendant Guy Johnson, III's breach has caused Plaintiff, The Bank of New York Mellon, successor to The Bank of New York, not in its individual capacity but solely as Trustee on behalf of the holders of the CIT Mortgage Loan Trust, 2007-1 Asset-Backed Certificates, Series 2007-1, to suffer actual damages, including, but not limited to money lent, interest, expectancy damages, as well as attorney's fees and costs.

54. The total debt owed under the Note and Mortgage as of March 11, 2020, if no payments are made, is One Hundred Sixty-One Thousand Two Hundred Ninety-Three and 98/100 ($161,293.98) Dollars, which includes:

| Description | Amount |
| --- | --- |
| Principal Balance | $125,404.92 |
| Interest | $23,261.76 |
| Escrow Advance | $7,507.48 |
| Recoverable Balance | $5,119.82 |
| Grand Total | $161,293.98 |

55. Injustice can only be avoided by awarding damages for the total amount owed under the Note and Mortgage, and for money had and received, including interest, plus costs and expenses, including attorney fees.

## COUNT IV – QUANTUM MERUIT

56. The Plaintiff, The Bank of New York Mellon, successor to The Bank of New York, not in its individual capacity but solely as Trustee on behalf of the holders of the CIT Mortgage Loan Trust, 2007-1 Asset-Backed Certificates, Series 2007-1, repeats and re-alleges paragraphs 1 through 55 as if fully set forth herein.

57. Accredited Home Lenders, Inc., predecessor-in-interest to The Bank of New York Mellon, successor to The Bank of New York, not in its individual capacity but solely as Trustee on behalf of the holders of the CIT Mortgage Loan Trust, 2007-1 Asset-Backed Certificates,

Series 2007-1, loaned Defendant, Guy Johnson, III and Katrina Bennington, $141,100.00. *See* Exhibit B.

58. The Defendant, Guy Johnson, III, is in default for failure to properly tender the July 1, 2017 payment and all subsequent payments. *See* Exhibit G.

59. As a result of the Defendant Guy Johnson, III's failure to perform under the terms of their obligation, the Defendants, should be required to compensate the Plaintiff, The Bank of New York Mellon, successor to The Bank of New York, not in its individual capacity but solely as Trustee on behalf of the holders of the CIT Mortgage Loan Trust, 2007-1 Asset-Backed Certificates, Series 2007-1.

60. As such, the Plaintiff, The Bank of New York Mellon, successor to The Bank of New York, not in its individual capacity but solely as Trustee on behalf of the holders of the CIT Mortgage Loan Trust, 2007-1 Asset-Backed Certificates, Series 2007-1, is entitled to relief under the doctrine of *quantum meruit*.

## COUNT V – UNJUST ENRICHMENT

61. The Plaintiff, The Bank of New York Mellon, successor to The Bank of New York, not in its individual capacity but solely as Trustee on behalf of the holders of the CIT Mortgage Loan Trust, 2007-1 Asset-Backed Certificates, Series 2007-1, repeats and re-alleges paragraphs 1 through 60 as if fully set forth herein.

62. Accredited Home Lenders, Inc., predecessor-in-interest to The Bank of New York Mellon, successor to The Bank of New York, not in its individual capacity but solely as Trustee on behalf of the holders of the CIT Mortgage Loan Trust, 2007-1 Asset-Backed Certificates, Series 2007-1, loaned the Defendant, Guy Johnson, III and Katrina Bennington, $141,100.00. *See* Exhibit B.

63. The Defendant, Guy Johnson, III, has failed to repay the loan obligation.

64. As a result, the Defendant, Guy Johnson, III, has been unjustly enriched to the detriment of the Plaintiff, The Bank of New York Mellon, successor to The Bank of New York, not in its individual capacity but solely as Trustee on behalf of the holders of the CIT Mortgage Loan Trust, 2007-1 Asset-Backed Certificates, Series 2007-1 as successor-in-interest to Accredited Home Lenders, Inc. by having received the aforesaid benefits and money and not repaying said benefits and money.

65. As such, the Plaintiff, The Bank of New York Mellon, successor to The Bank of New York, not in its individual capacity but solely as Trustee on behalf of the holders of the CIT Mortgage Loan Trust, 2007-1 Asset-Backed Certificates, Series 2007-1, is entitled to relief.

## PRAYERS FOR RELIEF

WHEREFORE, the Plaintiff, The Bank of New York Mellon, successor to The Bank of New York, not in its individual capacity but solely as Trustee on behalf of the holders of the CIT Mortgage Loan Trust, 2007-1 Asset-Backed Certificates, Series 2007-1, prays this Honorable Court:

a) Issue a judgment of foreclosure in conformity with Title 14 § 6322;

b) Grant possession to the Plaintiff, The Bank of New York Mellon, successor to The Bank of New York, not in its individual capacity but solely as Trustee on behalf of the holders of the CIT Mortgage Loan Trust, 2007-1 Asset-Backed Certificates, Series 2007-1, upon the expiration of the period of redemption;

c) Find that the Defendant, Guy Johnson, III, is in breach of the Note by failing to make payment due as of July 1, 2017, and all subsequent payments;

d) Find that the Defendant, Guy Johnson, III, is in breach of the Mortgage by failing to make payment due as of July 1, 2017, and all subsequent payments;

e) Find that the Defendant, Guy Johnson, III and Katrina Bennington, entered into a contract for a sum certain in exchange for a security interest in the subject property;

f) Find that the Defendant, Guy Johnson, III, is in breach of contract by failing to comply with the terms and conditions of the Note and Mortgage by failing to make the payment due July 1, 2017 and all subsequent payments;

g) Find that the Plaintiff, The Bank of New York Mellon, successor to The Bank of New York, not in its individual capacity but solely as Trustee on behalf of the holders of the CIT Mortgage Loan Trust, 2007-1 Asset-Backed Certificates, Series 2007-1, is entitled to enforce the terms and conditions of the Note and Mortgage;

h) Find that by virtue of the money retained by the Defendant, Guy Johnson, III has been unjustly enriched at the Plaintiff's expense;

i) Find that such unjust enrichment entitles the Plaintiff, The Bank of New York Mellon, successor to The Bank of New York, not in its individual capacity but solely as Trustee on behalf of the holders of the CIT Mortgage Loan Trust, 2007-1 Asset-Backed Certificates, Series 2007-1, to restitution;

j) Find that the Defendant, Guy Johnson, III, is liable to the Plaintiff, The Bank of New York Mellon, successor to The Bank of New York, not in its individual capacity but solely as Trustee on behalf of the holders of the CIT Mortgage Loan Trust, 2007-1 Asset-Backed Certificates, Series 2007-1, for money had and received;

k) Find that the Defendant, Guy Johnson, III, is liable to the Plaintiff for quantum meruit;

l) Find that the Defendant, Guy Johnson, III, has appreciated and retained the benefit of the Mortgage and the subject property;

m) Find that it would be inequitable for the Defendant, Guy Johnson, III, to continue to appreciate and retain the benefit of the Mortgage, Note and subject property without recompensing the appropriate value;

n) Find that the Plaintiff, The Bank of New York Mellon, successor to The Bank of New York, not in its individual capacity but solely as Trustee on behalf of the holders of the CIT Mortgage Loan Trust, 2007-1 Asset-Backed Certificates, Series 2007-1, is entitled to restitution for this benefit from the Defendant, Guy Johnson, III;

o) Determine the amount due on said Mortgage and Note, including principal, interest, reasonable attorney's fees and court costs;

p) Additionally, issue a money judgment against the Defendant, Guy Johnson, III, and in favor of the Plaintiff, The Bank of New York Mellon, successor to The Bank of New York, not in its individual capacity but solely as Trustee on behalf of the holders of the CIT Mortgage Loan Trust, 2007-1 Asset-Backed Certificates, Series 2007-1, in the amount of One Hundred Sixty-One Thousand Two Hundred Ninety-Three and 98/100 ($161,293.98 Dollars, the total debt owed under the Note plus interest and costs including attorney's fees and costs;

q) For such other and further relief as this Honorable Court deems just and equitable.

Respectfully Submitted,
The Bank of New York Mellon, successor to The Bank of New York, not in its individual capacity but solely as Trustee on behalf of the holders of the CIT Mortgage Loan Trust, 2007-1 Asset-Backed Certificates, Series 2007-1,
By its attorneys,

Dated: February 24, 2020

/s/ John A. Doonan, Esq.
/s/ Reneau J. Longoria, Esq.
John A. Doonan, Esq., Bar No. 3250
Reneau J. Longoria, Esq., Bar No. 5746
Attorneys for Plaintiff
Doonan, Graves & Longoria, LLC
100 Cummings Center, Suite 225D
Beverly, MA 01915
(978) 921-2670
JAD@dgandl.com
RJL@dgandl.com