UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| THE BANK OF NEW YORK MELLON, SUCCESSOR TO THE BANK OF NEW YORK, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS TRUSTEE ON BEHALF OF THE HOLDERS OF THE CIT MORTGAGE LOAN TRUST, 2007-1 ASSET-BACKED CERTIFICATES, SERIES 2007-1,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>GUY JOHNSON, III<br><br>　　　　Defendant,<br><br>NCO PORTFOLIO MANAGEMENT; MAINE DEPARTMENT OF HEALTH AND HUMAN SERVICES<br><br>　　　　Parties-in-Interest. | No. 2:20-cv-00065-JAW |

**ORDER ON MOTION TO ADMINISTRATIVELY CLOSE AND STAY ALL DEADLINES**

On February 24, 2020, The Bank of New York Mellon, successor to The Bank of New York, not in its individual capacity but solely as Trustee on behalf of the holders of the CIT Mortgage Loan Trust, 2007-1 Asset-Backed Certificates, Series 2007-1 (The Bank) filed a complaint for foreclosure and sale of a mortgage held by The Bank on a parcel owned by Guy Johnson, III at 28 Hendrickson Lane, Friendship, Maine. *Compl.* (ECF No. 1). The state of Maine Department of Health and Human Services as party-in-interest answered the Complaint on March 12, 2020. *Answer of*

*Party-in-Interest State of Maine Department of Health and Human Services* (ECF No. 6).

The Bank served Mr. Johnson on August 7, 2020. *Summons in a Civil Action, Proof of Service* (ECF No. 21). Mr. Johnson did not answer or otherwise defend the Complaint and on September 29, 2020, The Bank moved for entry of default against him. *Mot. for Entry of Default as to Def.* (ECF No. 25). That same day, the Clerk entered default against Mr. Johnson. *Order Granting Mot. for Entry of Default* (ECF No. 26).

The Bank has had difficulty serving NCO Portfolio Management. The Bank's efforts to serve NCO Portfolio Management are described in its January 14, 2021 motion to extend deadline. *See Mot. to Extend Deadline to Complete and File Service as to Party-in-Interest, NCO Portfolio Management* (ECF No. 31). On January 14, 2021, the Court granted the motion to extend the deadline to serve NCO Portfolio Management to March 1, 2021. *Order Granting in Part Mot. to Extend Time to Complete and File Proof of Service* (ECF No. 32). On March 2, 2021, after The Bank failed to file proof of service by March 1, 2021, the Court issued an Order to Show Cause as to why service had not been made on NCO Portfolio Management within the allotted ninety-day period with a response due by March 16, 2021. *Order to Show Cause* (ECF No. 33).

On March 16, 2021, The Bank filed a motion to administratively close the case and to stay all deadlines. *Mot. to Administratively Close and Stay All Deadlines* (ECF

No. 34). In support of the motion, The Bank represents that it and Mr. Johnson are "currently in discussions regarding a trial modification payment plan." *Id.* at 1.

The Court is chary about granting the motion to administratively close this case. In 1990, Congress enacted the Civil Justice Reform Act (CJRA), which was designed to expedite the resolution of civil litigation in the federal court. *See* 28 U.S.C. §§ 471-82. Under the CJRA, federal courts are required to maintain statistical records to track the "number of motions that have been pending for more than six months," the "number of bench trials that have been submitted for more than six months," and the "number and names of cases that have not been terminated within three years after filing." 28 U.S.C. § 476(a)(1)-(3). The statute "ensure[s] uniformity of reporting" by creating "standards for categorization or characterization of judicial actions." 28 U.S.C. § 476(b). The CJRA also mandates that the Director of the Administrative Office of the United States Courts must ensure that each district court has the automated capability of retrieving information about the status of each case and there must be "standards for uniform categorization or characterization of judicial actions." 28 U.S.C. § 481(b)(1)(B).

Pursuant to the CJRA, there are some uniform standards for determining when a pending civil action may be administratively closed. For example, federal courts have developed a long-standing practice of administratively closing civil actions when a party has filed a petition in bankruptcy. However, to the Court's knowledge, there is no uniform standard that would encourage a court to administratively close a foreclosure action in the circumstances presented here.

There are several drawbacks to administrative closure of civil actions by order of the court upon motion of a party. First, administrative closure is primarily an internal issue within the federal courts driven by their reporting obligations to Congress under the CJRA and should not be a concern of the private parties because it does not affect their substantive rights. The Court views as ill-advised the notion that an internal statistical reporting issue is transmuted into something more than it is.

Second, as the Court noted, administrative closure is based on the premise of standardized application and, once the parties begin making motions for administrative closure, the courts will rule on the facts in each case and thereby skew the statistics. *See Lehman v. Revolution Portfolio LLC*, 166 F.3d 389, 392 (1st Cir. 1999) ("Administrative closings comprise a familiar, albeit essentially ad hoc, way in which courts remove cases from their active files without making any final adjudication") (emphasis supplied).

Third, administrative closure is not commonly used for short intervals. Rather, as in the case of a bankruptcy filing, administrative closure is typically employed when a court is going to be unable for some reason to act on a case for a substantial period. "The Court may use an administrative closing to remove a case from its active files without making a final adjudication where a case 'is likely to remain moribund for an appreciable period of time,' such as pending the lift of an automatic stay due to bankruptcy." *Am. Fleet Servs., Inc. v. Budget Rent-A-Car Sys.*, 755 F. Supp. 2d 338, 339 (D. Mass. 2010) (quoting *Lehman*, 166 F.3d at 392 & n.3).

4

Here, The Bank has requested that the case be administratively closed for an inchoate period while the parties discuss a trial modification payment plan. Thus, the Clerk's Office may be burdened in keeping track of statistics from a case periodically administratively opened and closed.

Fourth, as noted above, administrative closure places the case in administrative limbo, closed but still pending. *See Lehman*, 166 F.3d at 392; *Am. Heritage Life Ins. Co. v. Orr*, 294 F.3d 702, 714 (5th Cir. 2002). This uncertain status has the potential for breeding confusion about how the administrative closing affects other aspects of the case. *See Quinn v. CGR*, 828 F.2d 1463 (10th Cir. 1987); *Campbell v. Dominick & Dominick, Inc.*, 872 F.2d 358 (11th Cir. 1989); 15B CHARLES ALAN WRIGHT, ARTHUR R. MILLER & EDWARD H. COOPER, FEDERAL PRACTICE AND PROCEDURE § 3914.17 at 13, n.11 (2d ed. 1992).

As opposed to administratively closing The Bank's foreclosure, the Court views The Bank's request for a stay to be appropriate. Unlike administrative closure, an order staying the case will not administratively remove the case from the Court's docket, thereby maintaining the Court's oversight of a pending matter, a result consistent with the Court's view of the CJRA. The Court will require periodic reports from The Bank to assure itself that the parties are continuing to make progress in amicably resolving the foreclosure, which would of course be preferable to continuing this litigation to formal foreclosure and public sale.

In sum, the Court DENIES in part and GRANTS in part The Bank of New York Mellon, successor to The Bank of New York, not in its individual capacity but

5

solely as Trustee on behalf of the holders of the CIT Mortgage Loan Trust, 2007-1 Asset-Backed Certificates, Series 2007-1's Motion to Administratively Close and Stay All Deadlines (ECF No. 34).  The Court DENIES the motion insofar as it requests that the Court administratively close this case and GRANTS the motion insofar as it requests that the Court stay all deadlines in this case.  Accordingly, the Court DISMISSES its Order to Show Cause (ECF No. 33) as moot.  The Court ORDERS The Bank of New York Mellon, successor to The Bank of New York, not in its individual capacity but solely as Trustee on behalf of the holders of the CIT Mortgage Loan Trust, 2007-1 Asset-Backed Certificates, Series 2007-1 to file a status report every ninety days from the date of this order updating the Court as to the status of the parties' attempts to resolve this matter by a trial modification payment plan so that the Court may determine whether further orders are necessary to resolve this litigation.

    SO ORDERED.

                                                       /s/ John A. Woodcock, Jr.
                                                       JOHN A. WOODCOCK, JR.
                                                       UNITED STATES DISTRICT JUDGE

Dated this 23rd day of March, 2021