UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| BANK OF NEW YORK MELLON, SUCCESSOR TO BANK OF NEW YORK, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS TRUSTEE ON BEHALF OF THE HOLDERS OF THE CIT MORTGAGE LOAN TRUST, 2007-1 ASSET-BACKED CERTIFICATES, SERIES 2007-1,<br><br>      Plaintiff<br><br>      v.<br><br>GUY JOHNSON, III,<br><br>      Defendant<br><br>NCO PORTFOLIO MANAGEMENT, INC., MAINE DEPARTMENT OF HEALTH AND HUMAN SERVICES,<br><br>      Interested Parties | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)  2:20-cv-00065-JAW<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**ORDER ON MOTION FOR SERVICE BY PUBLICATION**

This is a foreclosure action in which Plaintiff has joined NCO Portfolio Management (NCO) as a Party-in-Interest as the result of a Writ of Execution in the amount of $1,270.66 filed in the Knox County Registry of Deeds. The subject property is in Friendship, Maine. The matter is before the Court on Plaintiff's motion to serve NCO Portfolio Management by publication. (Motion, ECF No. 40.).

Following a review of the record and after consideration of the motion, the Court grants the motion and will order service by publication provided Plaintiff satisfies the requirements of this order.

## FACTUAL BACKGROUND

Plaintiff contends that service by publication is appropriate because despite a good faith effort, Plaintiff has been unable to serve NCO. Plaintiff attempted to serve NCO at the Wilmington, Delaware address of a law firm that evidently had served as NCO's registered agent. (Selden Aff. ¶¶ 4, 5.) Plaintiff identified an address for another registered agent (The Corporation Trust Company) for NCO and served the agent. (*Id*. ¶ 7.) Although Plaintiff filed the proof of service with the court, Plaintiff subsequently realized that The Corporation Trust Company had informed Plaintiff that its representative services for NCO had ended and that the process it forwarded to the last known address for NCO had been returned as undeliverable. (*Id*. ¶¶ 7-11.) Plaintiff conducted online research to determine an address for NCO but did not identify another address. (*Id*. ¶ 12.) According to the Delaware Secretary of State, NCO is now an inactive entity. (*Id*. ¶ 5.)

## DISCUSSION

Pursuant to Federal Rule of Civil Procedure 4(e), service may be accomplished by delivering a copy of the summons and the complaint to the individual personally, leaving a copy at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there, delivering a copy to an agent authorized by appointment or by law to receive service of process, or by following state law for serving a summons in an action brought in courts of general jurisdiction where the district is located or where

2

service is made. Fed. R. Civ. P. 4(e). In addition to the traditional method of personal service, Maine law provides for alternate means of serving a summons and complaint, "upon a showing that service cannot with due diligence be made by another prescribed method." Me. R. Civ. P. 4(g)(1).

Alternate means of service include leaving the summons, complaint, and the order authorizing service by alternate means at the individual's dwelling house or usual place of abode, by publication unless a statute provides another method of notice, or by electronic or any other means not prohibited by law. *Id.* A motion for service by alternate means must be supported by an affidavit demonstrating that:

> (A) The moving party has demonstrated due diligence in attempting to obtain personal service of process in a manner otherwise prescribed by Rule 4 or by applicable statute;
>
> (B) The identity and/or physical location of the person to be served cannot reasonably be ascertained, or is ascertainable but it appears the person is evading process; and
>
> (C) The requested method and manner of service is reasonably calculated to provide actual notice of the pendency of the action to the party to be served and is the most practical manner of effecting notice of the suit.

Me. R. Civ. P. 4(g)(1).

Here, Plaintiff has demonstrated its diligence in its efforts to serve NCO by customary methods, has demonstrated that its efforts have been unsuccessful and has demonstrated that further similar efforts are unlikely to be successful, particularly given that NCO is an inactive entity according to the Delaware Secretary of State. The issue is whether the alternate service proposed by Plaintiff (i.e., by publication) is appropriate in this case.

"Both the United States and Maine Constitutions require that, as a basic element of due process, any defendant against whom suit is commenced is entitled to notice reasonably calculated to give actual notice, and a reasonable opportunity to respond to the action." *Gaeth v. Deacon,* 2009 ME 9, ¶ 23, 964 A.2d 621, 627.  Although the Maine Rules of Civil Procedure continue to authorize service by publication in some circumstances, this method of providing notice "developed at a time when newspapers were the only means of print mass communication, and when newspapers were more widely and intensely read than is now the case." *Id.*, 2009 ME 9, ¶ 25, 964 A.2d at 627.  For this reason, the Maine Supreme Judicial Court has described service by publication as a "last resort":

> Because service by publication has become less likely to achieve actual notice of a lawsuit, it is also less likely to meet the requirements of due process. *See Grannis* [*v. Ordean*]*,* 234 U.S. [385] at 394, 34 S. Ct. 779 [(1914)].  Today, just as one hundred years ago, notice of a suit must be given in the manner "most reasonably calculated to apprise the defendant" of the pendency of a suit. *Lewien* [*v. Cohen*]*,* 432 A.2d [800] at 804–05 [(Me. 1981)].  Accordingly, because of the recent societal changes, service by publication in a newspaper is now a last resort that a party should attempt only when it has exhausted other means more likely to achieve notice. *See* 1 Field, McKusick & Wroth, *Maine Civil Practice* § 4.13 at 98–100 (2d ed.1970); *see also* M.R. Civ. P. 4(g)(1) (mandating that courts may order service by publication only upon motion showing that "*service cannot with due diligence be made* by another prescribed method" (emphasis added)).  "When a party's identity and location are reasonably ascertainable, notice by publication is not reasonably calculated to provide actual notice of the pending proceeding." *Phillips* [*v. Johnson*]*,* 2003 ME 127, ¶ 27 n. 12, 834 A.2d at 946 (quotation marks omitted).  Thus, "service by publication should occur only when notice cannot be accomplished by other means." *Id.* ¶ 27, 834 A.2d at 946.

4

*Gaeth*, 2009 ME 9, ¶ 26, 964 A.2d at 628 (footnote omitted).[1]

The law, however, recognizes that "in the case of persons missing or unknown, employment of an indirect and even a probably futile means of notification is all the situation permits and creates no constitutional bar to a final decree foreclosing their rights." *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 317 (1950). When service by publication is authorized, it is generally authorized in combination with other means of making service. *Mullane*, 339 U.S. at 316 ("It is true that publication traditionally has been acceptable as notification supplemental to other action which in itself may reasonably be expected to convey a warning.").

In this case, given NCO's status, the Court concludes that service by publication is appropriate. Plaintiff, however, has not provided a record from which the Court can order the publication in a particular newspaper or newspapers in accordance with Maine Rule of Civil Procedure 4(g)(2). Before the Court will order service by publication, Plaintiff must identify for the Court the last known address of NCO and "a newspaper of general circulation in the county or municipality and state most reasonably calculated to provide actual notice" of the action to NCO. M. R. Civ. P. 4(g)(2). If Plaintiff satisfies this requirement, the Court will order service by publication and require Plaintiff to send a copy of the complaint and summons by regular mail to NCO's last known address.

---

[1] As early as 1950, the United States Supreme Court expressed doubts about the sufficiency of notice by publication. *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 315 (1950) ("Chance alone brings to the attention of even a local resident an advertisement in small type inserted in the back pages of a newspaper, and if he makes his home outside the area of the newspaper's normal circulation the odds that the information will never reach him are large indeed.").

## CONCLUSION

Based on the foregoing analysis, the Court grants Plaintiff's motion for alternate service and will order service by publication provided Plaintiff identifies for the Court the last known address of NCO and "a newspaper of general circulation in the county or municipality and state most reasonably calculated to provide actual notice" of the action to NCO.

## NOTICE

Any objections to this Order shall be filed in accordance with Federal Rule of Civil Procedure 72.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 16th day of September, 2021.